OPINION
Defendants-appellants Perry Township Board of Trustees and Perry Township Zoning Inspector appeal from the March 20, 2001, and April 4, 2001, Judgment Entries of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
Appellee P S Management Group, Ltd.[1] is the owner of 1.3777 acres in Perry Township that was zoned I-D Industrial under the Perry Township Zoning Resolution.
On May 23, 2000, appellant Perry Township Board of Trustees, over appellee's objection, passed a resolution to change the zoning of appellee's property from I-D Industrial to R-2 Single and Two Family Residential, effective June 22, 2000. Thereafter, on June 21, 2000, prior to the effective date of the zoning change, appellee filed an application for a zoning permit with the Perry Township Zoning Department. Appellee, in its application, specifically sought an industrial permit for the construction of mini-storage and warehouse facilities on the subject property. As memorialized in a letter to appellee dated June 22, 2000, appellant Perry Township Zoning Inspector denied appellee's application "for lack of compliance on the front yard setback . . ." While appellee, in its application, indicated a 70 foot front yard setback, appellant Perry Township Zoning Inspector noted in his letter that Perry Township Zoning Regulation Section 715.4D states as follows: "The minimum front yard setback where the boundary of an Industrial District adjoins the boundary line of any Residential District, the minimum front, rear, or side yard, as the case may be, shall be one hundred (100) feet."
Thereafter, appellee, on July 6, 2000, filed a Notice of Appeal and/or Request for a Variance with the Perry Township Board of Zoning Appeals. In addition to appealing the Zoning Inspector's determination that the seventy foot front yard setback indicated in appellee's June 21, 2000, application violated Perry Township Zoning Regulation Section 715.4D, appellee, in the alternative, requested a thirty foot setback variance from the asserted one hundred foot requirement of such section. A regular hearing of the Perry Township Zoning Board of Appeals was held on August 7, 2000. At such hearing, the Perry Township Zoning Board of Appeals dismissed appellee's appeal for lack of jurisdiction, noting that "pursuant to operation of law the subject property is re-zoned to R-2 SINGLE AND TWO FAMILY RESIDENTIAL DISTRICT, effective June 22nd, fifteen days prior to the within appeal being filed;. . ." After the appeal was dismissed, appellee, by and through counsel, proffered to the Perry Township Zoning Board of Appeals the documents, testimony and arguments that it would have presented had appellee's appeal actually been heard.
Thereafter, appellee, on September 5, 2000, filed a Notice of Appeal of the August 7, 2000, decision of the Perry Township Zoning Board of Appeals with the Stark County Court of Common Pleas pursuant to R.C. Chapters 2505 and 2506. After briefs were filed by the parties, the trial court, pursuant to a Judgment Entry filed on March 30, 2001, reversed the decision of the Perry Township Board of Zoning Appeals, holding as follows:
 Having reviewed the transcript of the August 7, 2000, meeting, and the record below, this court finds the first assignment of error to be well taken in that the Board erred in dismissing Appellant's appeal for lack of jurisdiction. This decision was not supported by the preponderance of substantial, reliable and probative evidence on the whole record. Further, the court finds Appellant's second assignment of error well taken. Appellant proffered sufficient evidence to the Board to support its entitlement to the Zoning Permit.
A Nunc Pro Tunc Judgment Entry was filed by the trial court on April 4, 2001.
It is from the trial court's March 30, 2001, and April 4, 2001, Judgment Entries that appellants prosecute their appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE COMMON PLEAS COURT ABUSED ITS DISCRETION, MADE A MISTAKE OF LAW AND ENTERED A JUDGMENT CONTRARY TO LAW WHEN IT DETERMINED THAT THE PERRY TOWNSHIP BOARD OF ZONING APPEALS HAD JURISDICTION TO HEAR THE UNDERLYING ADMINISTRATIVE APPEAL, AND TO GRANT AN AREA VARIANCE OR INDUSTRIAL USE PERMIT AFTER THE SUBJECT REAL PROPERTY IS SUBJECT TO A ZONE CHANGE.
 ASSIGNMENT OF ERROR II THE COMMON PLEAS COURT ABUSED ITS DISCRETION, MADE A MISTAKE OF LAW AND ENTERED A JUDGMENT CONTRARY TO LAW WHEN IT DETERMINED THAT THE PERRY TOWNSHIP BOARD OF ZONING APPEALS WAS REQUIRED TO GRANT THE ZONING PERMIT TO THE APPLICANT.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
Since, pursuant to a Judgment Entry filed on July 24, 2001, this Court granted appellants' Motion to Dismiss appellants' first assignment of error[2], this appeal shall proceed upon appellant's second assignment of error.
 II
Appellants, in their second assignment of error, argue that the trial court abused its discretion, made a mistake of law and entered a judgment contrary to law in holding that appellee was entitled to a zoning permit for the construction of mini-storage and warehouse facilities. We agree.
R.C. 2506.04 states as follows:
 "The [trial] court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, or modify the order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505, of the Revised Code."
In Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, the Ohio Supreme Court interpreted this statute and set forth the applicable standard of review:
 "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."
In the case sub judice, at the hearing held on August 7, 2000, the Perry Township Board of Zoning Appeals dismissed appellee's appeal for lack of jurisdiction prior to appellee's proffer of what it "intended to present to this board [the Board of Zoning Appeals] tonight." See Transcript of hearing at 13 (Emphasis added). Thus, the Board of Zoning Appeals never reached the merits of appellee's appeal. Clearly, once the Board of Zoning Appeals dismissed appellee's appeal, it lacked jurisdiction to consider the evidence proffered by appellee. Since such evidence was not, therefore, properly before the Board of Zoning Appeals, the trial court could not consider the same in rendering its decision. We find that, in the absence of such evidence, the decision of the common pleas court that appellee was entitled to a zoning permit is not supported by a preponderance of reliable, probative and substantial evidence.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed as to its order that appellee be granted a zoning permit. Costs to appellee.
Hon. Julie Edwards, P.J., Hon. William Hoffman, J. and Hon. John Boggins, J. concurs.
[1] Pursuant to a Judgment Entry filed on May 16, 2001, appellee P S Management Group, Ltd. was substituted as a party appellee in place of The Acme Group, Inc.
[2] Appellants requested leave to dismiss their first assignment of error based upon this Court's July 3, 2001 Opinion and Judgment Entry inThe Acme Group, Inc., v. The Township of Perry (July 2, 2001), Case No. 2001CA00047, unreported.